UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL OLESUMI ADEBOYE,

*Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

*Defendants*.

No. 19-cv-3089 (DLF)

**MEMORANDUM OPINION**

Michael Olesumi Adeboye brings this suit against the United States of America and the District of Columbia (the District), alleging that the negligence of each government's prison authorities caused him to remain incarcerated for eleven days beyond the expiration of his lawful sentence.  Am. Compl., Dkt. 13, ¶ 8.  The District cross-claims against the United States for indemnification and contribution.  District's Answer, Dkt. 19.  Before the Court are the United States' Motion to Dismiss the Amended Complaint, Dkt. 22, and its Motion to Dismiss the District's Cross-claims, Dkt. 23.  For the reasons that follow, the Court will grant both motions.

**I.    BACKGROUND**

**A.    Factual Background[1]**

On May 10, 2018, Adeboye was sentenced by Judge Maribeth Raffinan of the D.C. Superior Court to one year in prison for possession with intent to distribute a controlled substance and unlawful possession of a firearm.  Am. Compl. ¶ 8; *United States v. Olesemi*

---

[1] The factual allegations below are drawn from Adeboye's amended complaint.  *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (court considering motion to dismiss must "accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor").

*Adeboye*, No. 2016 CF2 002930 (D.C. Super. Ct. May 10, 2018).  At the time of his sentencing, Adeboye was being held at the D.C. Jail, a facility operated by the District of Columbia Department of Corrections.  *Id.* ¶ 8.[2]  As of May 10, 2018, Adeboye had already served the entirety of the year-long sentence that Judge Raffinan imposed, as he had been incarcerated since April 23, 2017.  *Id.* ¶ 9.  However, on May 11, 2018, the United States Bureau of Prisons (BOP) calculated Adeboye's release date to be May 23, 2018, *id.* ¶ 9, and communicated that information to the District, *see id.* ¶ 10.

Over the ensuing ten days, Adeboye repeatedly attempted to inform D.C. Department of Corrections personnel that that he was being detained past the completion of his sentence.  *Id.* ¶ 8.  But no action was taken in response to his complaints.  *Id.*  On May 21, 2018, after Adeboye's attorney sent an email to the General Counsel of the D.C. Department of Corrections, the BOP recalculated Adeboye's sentence completion date and changed it to April 23, 2018.  *Id.* ¶¶ 8-9.  The District released Adeboye that same day.  *Id.* ¶ 9.

**B.   Procedural History**

Adeboye filed his original complaint against the United States and the District on October 15, 2019.  Compl., Dkt. 1.  On November 14, 2019, Adeboye filed an amended complaint that contains two counts.  Am. Compl. ¶¶ 12–17.  The first count alleges that the United States "failed to take reasonable care in calculating Mr. Adeboye's release date" and that its "negligence proximately caused Plaintiff to be falsely imprisoned."  Am. Compl. ¶¶ 12-14.  The second count alleges that the District "failed to take reasonable care when furnishing BOP with details of Mr. Adeboye's time served prior to his sentencing; failed to correct an obvious

---

[2] Federal prisoners located in the District are routinely held in jails operated by the District, rather than federal facilities.  *See, e.g.*, *Ford v. Mitchell*, 890 F. Supp. 2d 24, 28 (D.D.C. 2012).

2

and apparent error by BOP when it initially calculated his release date and failed to take reasonable steps to investigate Mr. Adeboye's repeated claims that he was being over-detained," and that the District's "negligence proximately caused Plaintiff to be falsely imprisoned." *Id.* ¶¶ 15-17. The amended complaint seeks $60,000 in compensatory damages from each defendant. *Id.* ¶¶ 14, 17.

On November 26, 2019, the District answered Adeboye's amended complaint and cross-claimed against the United States. *See* District's Answer. The District first denied "all liability for Plaintiff's injuries and damages." *Id.* ¶ 1. If found liable, however, the District asserted that the "United States must indemnify and hold harmless the District, including but not limited to reimbursement/payment of any judgment, interest, attorney's fees, and costs." *Id.* The District also claimed that any injuries and damages that Adeboye had suffered were "due to the negligence of officials of the United States Bureau of Prisons" and that "if all Defendants are found liable, then the District is entitled to contribution from Co-Defendant the United States." *Id.* ¶ 5. On January 27, 2020, the United States filed its motion to dismiss the amended complaint, along with a motion to dismiss the District's cross-claims. *See* Mot. to Dismiss Am. Compl., Dkt. 22; Mot. to Dismiss Cross-cls., Dkt. 23.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When ruling on a Rule 12(b)(1) motion, the court must treat the plaintiff's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (internal quotation marks omitted). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the

3

plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011).  If the court determines that it lacks jurisdiction, the court must dismiss the claim or action.  Fed. R. Civ. P. 12(b)(1), 12(h)(3).

**III.   ANALYSIS**

"Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute." *Carter-El v. D.C. Dep't of Corr.*, 893 F. Supp. 2d 243, 246 (D.D.C. 2012) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  As "[s]overeign immunity is jurisdictional in nature," a claim barred by sovereign immunity lacks subject matter jurisdiction and can be dismissed under Rule 12(b)(1). *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "In a suit against the United States, the plaintiff bears the burden of proving that the government has unequivocally waived its immunity for the type of claim involved." *Ford v. Mitchell*, 890 F. Supp. 2d 24, 33 (D.D.C. 2012).

The Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* (FTCA), "makes the federal government liable to the same extent as a private individual for certain torts of federal employees acting within the scope of their employment." *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 15 (D.D.C. 2015).  It "operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain . . . claims, subject to various exceptions set forth in 28 U.S.C. § 2680." *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016) (citation omitted).  These exceptions include "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).  When assessing the applicability of these exceptions, federal courts "look beyond [the party's]

characterization to the conduct upon which the claim is based." *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (internal quotation marks omitted).

"The FTCA waives sovereign immunity 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. 1364(b)(1)).  Adeboye and the District argue that Adeboye's claim against the United States is one of negligence—for which the United States has waived sovereign immunity in the FTCA—based on BOP's alleged failure to take reasonable care in calculating Adeboye's release date.  *See* Pl.'s Opp'n, Dkt. 25, at 3-5; District's Opp'n, Dkt. 26, at 4-5.  But "[t]he authority to detain other persons and determine the length of their sentences . . . has no private analogue." *Portillo v. United States*, Civ. A. No. 17-0394, 2018 WL 523363, at *3 (D. Nev. Jan. 22, 2018); *cf. McGowan v. United States*, 825 F.3d 118, 127 (2d Cir. 2016) (per curiam) (affirming dismissal of FTCA claim based on prisoner's unlawful remand from residential reentry center to federal prison because "[p]rivate persons cannot establish facilities to detain other persons—only the government can").  While it is true that the FTCA contains no carveout for "uniquely governmental functions," *see United States v. Olson*, 546 U.S. 43, 46 (2005), the statute's waiver of sovereign immunity only applies "if a private party would be liable under similar circumstances in the relevant jurisdiction," *Hornbeck*, 569 F.3d at 508.  Private individuals do not perform duties analogous to the administration of criminal sentences that deprive other citizens of their liberty.  And "citation to the generic duty 'to act with due care' while undertaking an action" does not suffice to bring a plaintiff's claim within the FTCA's scope.  *Hornbeck*, 569 F.3d at 509.  Because Adeboye's claim against the United States lacks a private analogue, it is not one for which the United States has waived its sovereign

immunity in the FTCA.[3]

And to the extent that Adeboye's over-detention claim does have a private analogue, it is the tort of false imprisonment—which the FTCA explicitly exempts from its general waiver of sovereign immunity.[4]  *See* 28 U.S.C. § 2680(h).  For this reason, courts have consistently held that the FTCA does not waive sovereign immunity for over-detention claims like Adeboye's.  In *Edwards*, for instance, a parolee sued the United States under the FTCA, alleging that he was negligently over-detained for thirty days because federal officials had lost his paperwork.  211 F. Supp. 3d at 236–37.  The court dismissed the claim for lack of subject matter jurisdiction, *id.* at 239, holding that "[Edwards's] claims—although labeled negligence claims—are instead claims for false imprisonment and therefore not actionable under the FTCA," *id.* at 237.  *See also*

---

[3] *Block v. Neal*, 460 U.S. 289 (1983), is not to the contrary.  That case concerned a claim against federal officials who performed a series of home inspections and erroneously informed the plaintiff that her home complied with various regulations.  *Id.* at 292.  Because the officials had no contractual obligation to perform the inspections, *id.* at 293, the Sixth Circuit held that the plaintiff's claim was analogous to a negligence claim brought against a private "Good Samaritan" under the principle that "one who undertakes to act, even through gratuitously, is required to act carefully and with the exercise of due care and will be liable for injuries proximately caused by failure to use such care," *Neal v. Bergland*, 646 F.2d 1178, 1181–82 (6th Cir. 1981) (citing Restatement (Second) of Torts § 323 (1965)).  *See also Indian Towing Co. v. United States*, 350 U.S. 61, 64–65 (1955).  In *Block*, the Supreme Court specifically stated that it would accept "the threshold determination that respondent's complaint states a claim for negligence under the Good Samaritan doctrine" and restricted its analysis to the discrete issue of whether the plaintiff's claim fell within the misrepresentation exception of 28 U.S.C. § 2680(h).  460 U.S. at 294.

[4] The parties also note a potential analogy to the tort of misrepresentation, given BOP's false statements to the D.C. Department of Corrections about Adeboye's release date.  *See* Am. Compl. ¶ 11; U.S. Mot. to Dimiss, Dkt. 22-1, at 4; Pl.'s Opp'n, at 3–5; District's Opp'n, Dkt. 26, at 4.  While misrepresentation seems a more strained analogy than false imprisonment for alleged misconduct that stems from BOP's miscalculation of Adeboye's sentence, the tort of misrepresentation is also explicitly exempted from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h); *see also Marcus v. Geithner*, 813 F. Supp. 2d 11, 16 (D.D.C. 2011) ("Sovereign immunity thus continues to bar claims that arise from alleged misrepresentations, whether negligent or intentional."); *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 33 (D.D.C. 2012) (citing 28 U.S.C. § 2680(h)).

*Stoddard v. Wynn*, 68 F. Supp. 3d 104, 115 (D.D.C. 2014) (dismissing improper detention claim because "[c]laims for false imprisonment and all claims 'arising out of' false imprisonment, though labeled something else, are not actionable"); *Snow-Erlin*, 470 F.3d at 809 (holding that plaintiff could not "sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence"); *Ford*, 890 F. Supp. 2d at 34 (same). "If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred." *Snow-Erlin*, 470 F.3d at 808 (citing *Sheehan v. United States*, 896 F.2d 1168, 1171 (9th Cir. 1990)). In light of that established principle, Adeboye's over-detention claim cannot proceed under the FTCA.[5]

For the reasons stated above, the Court will dismiss the sole federal-law claim in Adeboye's amended complaint—Count 1 against the United States—leaving only Adeboye's claim against the District, which does not arise under federal law. *See* 28 U.S.C. § 1331. If "the district court has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction" over any remaining claims in the complaint. *Turner v. Corr. Corp. of Am.*, 56 F. Supp. 3d 32, 36 (D.D.C. 2014) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

---

[5] 28 U.S.C. § 2680(h) also provides that the exceptions enumerated therein do not apply to "any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" committed by "investigative or law enforcement officers of the United States Government." In other words, the FTCA's waiver of sovereign immunity also extends to those claims "that are based on the 'acts or omissions of investigative or law enforcement officers,'" notwithstanding the statute's exceptions. *Millbrook v. United States*, 569 U.S. 50, 52–53 (2013) (quoting 28 U.S.C. § 2680(h)). Because BOP does not operate D.C. Jail, *see* Am. Compl. ¶¶ 8-9, the BOP officials who did the sentencing calculations and communicated them to D.C. Jail were not acting in an "investigative or law enforcement" capacity, and thus, the FTCA exceptions still bar Adeboye's claims.

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005) (quoting *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  In light of the early stage of this litigation, the inapplicability of the FTCA, and the apparent state-law basis for the plaintiff's sole remaining claim against the District, the Court will decline to exercise supplemental jurisdiction over that claim.  Accordingly, the complaint is dismissed in full, but without prejudice with respect to Count 2.

## CONCLUSION

For the reasons stated above, the Court will dismiss Count 1 of Adeboye's amended complaint against the United States and decline to exercise supplemental jurisdiction over Count 2 against the District of Columbia, dismissing the latter count without prejudice.  In light of that disposition, the amended complaint is dismissed in full, and both of the United States' motions to dismiss are granted.  A separate order consistent with this decision accompanies this memorandum opinion.

September 1, 2020

DABNEY L. FRIEDRICH
United States District Judge